**Dovlat SAIDOV, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74218.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

---

* The panel unanimously finds this case suitable

Artem M. Sarian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ— U.S. Department Of Justice Civil Div./Office Of Immigration Lit., Washington, DC, Marianne E. Cox, Esq., USPH—office of the U.S. Attorney Eastern District of Pennsylvania, Philadelphia, PA, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Dovlat Saidov, a native of Iran and a citizen of Armenia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Saidov testified that due to her ethnicity she was detained and beaten in 1990, and that during the same incident her husband was also detained, beaten and lost his right eye; yet her son-in-law testified that Saidov's husband lost his eye at least seven years later. *See id.* at 1043 (one material inconsistency can be sufficient to support an adverse credibility determination). Furthermore, Saidov stated in her application that she was beaten until she lost consciousness, yet she failed to men-

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion this in her testimony. *See id.* Finally, Saidov testified that in 1998 the wooden shed where she slept was burned down, yet she failed to include this event in her otherwise detailed application. *See id.* Accordingly, substantial evidence supports the IJ's adverse credibility determination.

█ In the absence of credible testimony, Saidov failed to demonstrate eligibility for asylum, withholding of removal and CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.